UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CLAUDE V. JONES, JR., | ) | C/A No. 4:13-3009-JMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | Order and |
| vs. | ) | Report and Recommendation |
| | ) | |
| WARDEN, LEROY CARTLEDGE | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Claude V. Jones (Petitioner/Jones), is currently incarcerated at McCormick Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 6, 2013. Respondent filed a motion for summary judgment on March 11, 2014, along with a return, supporting memorandum, and exhibits. (Docs. #23 and #24). Petitioner filed a response in opposition on March 31, 2014. The undersigned issued an order filed June 9, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately and giving him until June 24, 2014, to file any additional response to the motion for summary judgment. (Doc. #24). Petitioner did not file any additional responses.

**Motion to Amend**

Also before the court is Petitioner's motion to amend his petition. (Doc. # 26). In this motion,

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Petitioner requests leave to amend his petition to dismiss his argument that his PCR counsel failed to file a Rule 59(e) motion. Specifically, Petitioner states that he "mis-argued that his PCR had underminded Petitioner by not filing a 59(e) motion upon the order of dismissal, when it did not address Petitioner's argument regarding Sandstrom v. Montana, 99 S.Ct. 2450. Here, Petitioner's PCR counsel 'did' in fact file an amended motion to alter or amend judgment upon Petitioner's Sandstrom issue." Id. Thus, Petitioner requests that his "argument on page 17 of 20 and page 36 of 61 be removed." Id.

Respondent filed a response to the motion to amend (doc. #32) consenting to the requested amendment. Thus, Petitioner's motion to amend is granted and his ground for relief with regard to PCR counsel failing to file a Rule 59(e) motion in relation to his Sandstrom argument is dismissed.

## I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in McCormick Correctional Institution pursuant to an order of commitment from the Clerk of Court of Aiken County. An Aiken County grand jury indicted Petitioner in November 2005 for murder (2005-GS-02-1688) and possession of firearm or knife during attempt to commit a violent crime (2005-GS-02-1689). Attachment 1, PCR Appendix at 433–36. On July 30, 2007, Petitioner proceeded to trial before the Honorable Clifton Newman. Attachment 1, PCR App. at 3–432. David M. Mauldin represented Petitioner at the three-day trial. Attachment 1, PCR App. at 3. The State was represented by De Grant Gibbons. Attachment 1, PCR

2

App. at 3. The jury found Petitioner guilty on both counts. Attachment 1, PCR App. at 416–20. On August 1, 2007, Judge Newman sentenced Petitioner to confinement for a period of thirty (30) years for murder and to a consecutive sentence of five (5) years for possession of a firearm. Attachment 1, PCR App. at 428–29.

Trial counsel filed a notice of appeal on August 3, 2007. Attachment 2, Notice of Appeal (Direct Appeal). On June 15, 2009, Joseph L. Savitz, III, Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed an Anders brief on Petitioner's behalf. In the brief, appellate counsel asserted "[t]he trial judge committed reversible error by excluding evidence the victim became violent when using methamphetamine." (Attachment 1, PCR App. at 438–46). Appellate counsel also submitted a request to be relieved as counsel as "in his opinion, the appeal [was] without legal merit sufficient to warrant a new trial." Attachment 2, PCR App. at 445. On June 26, 2009, the Clerk of the South Carolina Court of Appeals advised Petitioner that he could file a pro se "brief addressing any issues you believe the Court should consider in this appeal." Attachment 3, Letter dated June 26, 2009 from S.C. Ct. App. (Direct Appeal). Petitioner did not submit a *pro se* Anders brief.

In an unpublished opinion filed January 25, 2010, the South Carolina Court of Appeals dismissed the appeal and granted appellate counsel's motion to be relieved. Attachment 1, PCR App. at 447–48. The court issued a remittitur on February 10, 2010. Attachment 1, PCR App. at 449.

Petitioner filed an application for post-conviction relief (PCR) on October 19, 2010. Attachment 1, PCR App. at 450–68. In his application, Petitioner raised the following claims:

I.      Ineffectiveness of Appellate Counsel
II.     Ineffectiveness of Trial Counsel
III.    Counsel Was Ineffective for Failing to Request a Lesser Included Offense of Manslaughter

3

IV.    Ineffectiveness of Counsel – Failure to Subpoena Witness
V.    Ineffectiveness of Counsel – Failure to Renew Objections
VI.    Ineffective Counsel – Failure to Obtain Expert Witness
VII.    Ineffective Assistance of Counsel – Conflict of Interest
VIII.    Ineffective Assistance – Failure to Impeach Testimony
IX.    Ineffective Assistance of Counsel – Failure to Subpoena Chain of Custody of the Gun and Bat in Evidence
X.    Ineffective Assistance – Conflict of Interest
XI.    Counsel Was Ineffective for Failing to Subject Prosecution to Meaningful Adversarial Challenges

Attachment 1, PCR App. at 557 (errors in original).

The State made its return to the application on December 20, 2010. Attachment 1, PCR App. at 469–74.

An evidentiary hearing was convened on February 2, 2011, before the Honorable Doyet A. Early, III. Attachment 1, PCR App. at 475–511. Petitioner was present and represented by James S. Murray at the hearing. Attachment 1, PCR App. at 475. By Order dated March 15, 2011, and filed March 24, 2011, Judge Early denied and dismissed with prejudice Petitioner's PCR application. Attachment 1, PCR App. at 83–90.

On March 25, 2011, PCR counsel filed a motion to alter or amend the judgment. Attachment 1, PCR App. at 520–22. Thereafter, PCR counsel filed an amended motion to alter or amend the judgment. Attachment 1, PCR App. at 523–25.

On April 4, 2011, the State submitted an amended return and motion to dismiss the motion to alter or amend. Attachment 1, PCR App. at 526–28.

In an order dated July 7, 2011, and filed July 13, 2011, Judge Early denied Petitioner's motion and affirmed the PCR court's previous order of dismissal. Attachment 1, PCR App. at 529–31. PCR counsel filed a notice of appeal on July 22, 2011. Attachment 4, Notice of Appeal (PCR Appeal).

On March 12, 2012, Breen Richard Stevens, an Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a Johnson Petition for Writ of Certiorari on behalf of Petitioner raising the following issue:

> Whether Counsel's performance was constitutionally deficient for failing to object to the jury instruction permitting malice to be inferred from the use of a deadly weapon when self-defense was also charged, and when Petitioner's case was pending direct appeal at the time State v. Belcher was decided?

Attachment 5, Johnson Petition for Writ of Certiorari (PCR Appeal). Along with the Johnson Petition, PCR appellate counsel filed a petition to be relieved as counsel. Attachment 5, Johnson Petition at 9.

On March 13, 2012, the Clerk of the Supreme Court of South Carolina advised Petitioner that he could file a *pro se* response to PCR appellate counsel's petition. Attachment 6, Letter dated Mar. 13, 2012 from S.C. Sup. Ct. (PCR Appeal). On April 20, 2012, Petitioner submitted a *pro se* response where he raised the following issues:

> 1.  Should the PCR Judge's Final Order specifically set forth findings of fact and conclusions of law upon apparent PCR grounds which Petitioner testified to?
>
> 2.  Should appointed counsel formally brief PCR claims which were presented and ruled upon by the PCR Judge?

Attachment 7, *pro se* Johnson Petition (PCR Appeal).

Thereafter, in an order filed September 17, 2013, the South Carolina Court of Appeals denied the petition. Attachment 8, Order (PCR Appeal). The court issued a remittitur on October 3, 2013. Attachment 9, Remittitur (PCR Appeal).

5

## II.  HABEAS ALLEGATIONS

Petitioner filed his petition on September 14, 2012, in which he raises the following allegations:

GROUND ONE:      The trial judge committed reversible error by excluding evidence the victim became violent when using methamphetamine.

GROUND TWO:     Ineffective Assistance of Counsel

(A)          Counsel's performance was constitutionally deficient for failing to object to the jury instruction permitting malice to be inferred from the use of a deadly weapon when self-defense was also charged, and when Petitioner's case was pending direct appeal at the time State v. Belcher was decided.

(B)(1)        The PCR Judge's Final Order fails to specifically set forth findings of facts and conclusions of law upon apparent PCR grounds which Petitioner testified to.
         (A)    Ineffectiveness of Trial Counsel

(B)(2)        Appointed Counsel has failed to formally brief PCR claims which were presented and ruled upon by the PCR Judge.

(C)          Failure to Subpoena Witnesses

(C & C)(1)    Petitioner verbatim argue his testimony from his PCR hearing upon these issues.

(C1)(2)       [T]his issue is not procedural barred or defaulted due to the fact PCR counsel underminded his due process by failing to subpoena the victim's girlfriend Charlie Daniels who could/would have testified to how the victim became violent when using methamphetamine.

(C2)(1)      Petitioner argues that PCR counsel also refused to hire an expert to testify upon the facts—how methamphetamine effected the victim and persons using meth. Here, PCR counsel failed/refused to move before the court for costs/fees for the expert Petitioner needed.

(D)          Ineffective Assistance of Counsel Failure to Renew Objection

> Here, upon this issue PCR counsel refused although
> to aid Petitioner in bring out his meritorious issue
> "MIRANDA" against Petitioner's trial counsel.
> Where Petitioner had a due process right to do so.

(Petition).


# III.  STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary

judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. §

2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in the
> State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme]

Court's decisions but unreasonably applies that principle of law" to the facts of the case.  Humphries

v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).

However, "an 'unreasonable application of federal law is different from an incorrect application of

federal law,' because an incorrect application of federal law is not, in all instances, objectively

unreasonable." Id.   "Thus, to grant [a] habeas petition, [the court] must conclude that the state

court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable."

McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court

shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of

correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV. PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

8

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## V.  ANALYSIS

### Ground One

In Ground One of his habeas petition, Petitioner argues that the trial judge committed reversible error by excluding evidence that the victim became violent when using methamphetamine.[2] Respondent asserts that this issue is not cognizable as it does not contemplate a violation of federal law.

Federal habeas relief is not available under a claim based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). Therefore, it is recommended that Ground One be dismissed and Respondent's motion for summary judgment granted as this ground is not cognizable under federal habeas review.

---

[2] Petitioner asserts excluding the evidence also violated federal constitution law. Any due process argument on this issue was not presented to the state courts and would be procedurally defaulted as a free standing constitutional claim. This issue was not addressed on direct appeal or by the state court of appeals, as a violation of due process. The exhaustion requirement demands that the petitioner "do more than  scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick" Mallory, supra *quoting* Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). This issue was not presented as a constitutional violation on direct appeal; therefore, it is barred from habeas review.

9

**Ground Two**

In Ground Two, Petitioner asserts several ways in which trial counsel was ineffective. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

10

In <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000), *quoting* <u>Strickland</u> at 694, the Court held that "[to] establish ineffectiveness, he [a defendant] 'must show that counsel's representation fell below an objective standard of reasonableness, and to establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Thus, the Supreme Court confirmed that the correct standard for judging ineffective assistance of claims is the <u>Strickland</u> standard.

Additionally, when presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." <u>Id</u>. § 2254(d)(1),(2); <u>see</u> <u>Williams v. Taylor</u>, 529 U.S. at 398.

**Ground Two(A)**

In Ground Two(A), Petitioner argues that trial counsel's performance was deficient for failing to object to the jury instruction permitting malice to be inferred from the use of a deadly weapon when self-defense was also charged, and when Petitioner's case was pending on direct appeal at the time <u>State v. Belcher</u> was decided. Essentially, Petitioner argues that trial counsel

11

should have objected to the jury instruction regarding inferred malice from the use of a deadly weapon and that failing to do so is ineffective assistance of counsel based on the reasoning of <u>State v. Belcher</u>, 385 S.C. 597, 684 S.E.2d 802 (2009). Respondent asserts that the PCR court's denial of this claim was based on a reasonable finding of fact and application of federal law and should not be disturbed.

Petitioner claims that his trial counsel failed to object to an improper burden-shifting malice instruction arising from the inference of malice from the use of a deadly weapon. At Petitioner's trial in 2007, the trial court instructed that malice can be inferred from conduct showing a total disregard of human life and that inferred malice can also arise when the deed is done with a deadly weapon. (Tr. 405).

In <u>State v. Belcher</u>, 385 S.C. 597, 685 S.E.2d 802 (2009), the South Carolina Supreme Court noted that it had long been the practice for the trial courts in South Carolina to charge juries in any murder prosecution that the jury may infer malice from the use of a deadly weapon. <u>Belcher</u> held that a jury charge instructing that malice may be inferred from the use of a deadly weapon was no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide. However, <u>Belcher</u> expressly states that its holding would not apply to convictions challenged on post-conviction relief.[3]

The PCR court found the following with regard to this issue:

> Applicant asserts Counsel erred in failing to object to the jury charge on inferences of malice from use of a deadly weapon pursuant to <u>State v. Belcher</u>, 385 S.C. 997, 685 S.E.2d 802 (2009). Applicant was tried on July 30-August 1, 2007, more than two years before the

---

[3] <u>See</u> <u>also</u>, <u>Grate v. McFadden</u>, 2014 WL 1232777 (D.S.C. March 25, 2014).

ruling in <u>Belcher</u> on October 12, 2009. <u>Belcher</u> "represents a clear break from our modern precedent" approving of the jury charge on inference of malice from use of a deadly weapon, expressly overruling some twenty-six (26) cases decided over the course of more than 100 years, ranging in date from 1894 to 2006, 385 S.C. at 612, 685 S.E.2d at 810. The charge given in Applicant's case was, at the time of his trial, the sanctioned charge on the law. Because the <u>Belcher</u> decision posed a clear break from long-established precedent some two years after Applicant's trial, Counsel was not unreasonable in failing to pose this objection. <u>Gilmore v. State,</u> 314 S.C. 453, 445 S.E.2d 44 (1994) (attorney is not required to be clairvoyant or anticipate changes in the law which were not in existence at time of trial)(overruled on other grounds by <u>Brightman v. State</u>, 336 S.C. 348, 520 S.E.2d 614 (1999)).

Applicant further asserts that appellant counsel was ineffective in failing to amend his brief following the <u>Belcher</u> decision. Appellate counsel submitted an <u>Anders</u> brief. Applicant's appeal was not decided until 2010 and was pending at the time of the <u>Belcher</u> decision. The opinion stated that "today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved" and "will not apply to convictions challenged on post-conviction relief." <u>Belcher</u>, 385 S.C. at 612-613, 685 S.E.2d at 810. (Emphasis supplied.). The issue was not preserved in Applicant's case; therefore, appellate counsel's failure to raise the issue was not unreasonable under South Carolina's strict issue preservation rules. Moreover, when an <u>Anders</u> review is undertaken, "the court has to conclude independently, regardless of counsel's conclusion, whether or not the appeal has merit before it can dismiss the appeal." <u>State v. McKennedy</u>, 348 S.C. 270, 279, 559 S.E.2d 850, 855 (2002). The court undertakes a thorough review of the record before reaching its decision and may direct briefing on any potentially meritorious issue found therein. After such a review of Applicant's case, the appellate court agreed with counsel's assessment and dismissed the appeal. Therefore, even if the issue had been raised, the outcome would have been no different.

(Tr. 515-516).

This court finds that the PCR court's ruling did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Petitioner was tried more than two years before the Belcher decision. The jury instruction at the time of Petitioner's trial was the long established law in South Carolina. Trial counsel's failure to object under these circumstances clearly was not outside the wide range of professionally competent assistance and was not below an objective standard of reasonableness.

As to any claim that appellate counsel should have raised this issue on direct appeal, the claim fails. The Belcher decision specifically held that the ruling was effective for cases which are pending on direct review "where the issue is preserved..." This issue was not preserved in Petitioner's case; therefore, appellate counsel was not ineffective for failing to raise it on direct appeal. Additionally, Appellate counsel filed an Anders brief on direct appeal such that the court conducted a thorough review of the record before reaching its decision.

**Ground Two (B)(1) and (B)(2)**

In Ground Two (B)(1), Plaintiff argues that the PCR Judge's final order fails to specifically set forth findings of fact and conclusions of law upon apparent PCR grounds to which Petitioner testified. In Ground Two (B)(2), Petitioner argues that appointed counsel failed to formally brief PCR claims which were presented and ruled upon by the PCR Judge.

Respondent asserts that alleged infirmities in a state post-conviction action are matters of state procedure and not matters of federal law that may be addressed in federal habeas action. Therefore, Respondent argues that these issues should be dismissed.

Deficiencies in a post-conviction proceeding are not cognizable under 28 U.S.C. § 2254.

14

Heyward v. Burtt, 2007 WL 2021888 (D.S.C. July 6, 2007) citing Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987); and Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988). Further, a habeas court cannot grant relief based on errors occurring during state collateral review proceedings. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998). Thus, it is recommended that Grounds Two (B)(1) and B(2) be dismissed and Respondent's motion for summary judgment granted as to these issues as they are not cognizable under federal habeas review since there is no allegation of improper application of federal law.

**Ground Two (C) and subparts**

In Ground Two (C) and subparts, Petitioner argues that trial counsel was ineffective for failing to subpoena and call the victim's girlfriend, Charlie Daniels, to testify how the Victim became violent when on methamphetamine. Petitioner also asserts that counsel was ineffective for failing to call an expert to testify to the effects of methamphetamine. Respondent argues that Petitioner is not entitled to relief based on either of these claims.

At the PCR hearing, trial counsel testified that he and Petitioner talked about calling the victim's girlfriend, Charlie Daniels, to testify as a witness, but "as far as the victim's propensity of dangerousness, I think that had to do with Mr. Jones' knowledge of him being dangerous not other people's knowledge of him being dangerous." (Tr. 499). Trial counsel also testified that he did not consider getting an expert to testify about the effects of methamphetamine because he thought it would be sufficient enough to inform the jury that the victim had consumed methamphetamine. Trial counsel testified that "in my experience and I can't, I'm not an expert on this, but often the laymen exaggerate things more than an expert would. And they would probably think it was worse than an

15

expert would make it out to be. . . " (Tr. 501). In the PCR court's order of dismissal, the court found

the following with regard to these issues:

> Applicant further attributes error in Counsel's failure to subpoena witness Charlie Daniels ("Daniels") and in failure to retain the services of an expert who could testify as to the effects of methamphetamine. Applicant asserts that Daniels would have provided information about the victim's reputation for violence. Counsel testified that he recalled investigating Daniels early in the representation but could not recall why she was not ultimately called as a witness. Because Daniels did not testify at PCR hearing, I find that applicant has failed to establish prejudice in this regard. See for example Glover v. State, 318 S.C. 496, 498, 458 S.E.2d 538, 540 (1995) (no prejudice from counsel's failure to call a favorable witness to testify at trial if that witness does not later testify at the PCR hearing or otherwise offer testimony within the rules of evidence).
>
> Applicant asserts that Counsel should have retained an expert on the effects of methamphetamine because the victim was under the influence [of] the drug when he was killed. Counsel opined that an expert's opinion was not necessary and that a layman's idea of the effects of methamphetamine would probably be even worse that what an expert would present. In any event, no expert testimony was presented on this topic at PCR hearing. Therefore, I find that Applicant has failed to carry his burden of demonstrating prejudice in this regard. See for example Dempsey v. State, 363 S.C. 365, 60 S.E.2d 812 (2005) (where expert witness did not testify at PCR hearing, any finding of prejudice merely speculative).

(Tr. 517-518).

The PCR court's rejection of the ineffective assistance of counsel ground for relief did not

result in an unreasonable application of Strickland and was not based upon an unreasonable

determination of facts in light of the state court record. Petitioner produced no witnesses or evidence

in his PCR proceedings to support his assertions that an expert witness or the victim's girlfriend's

testimony would have been beneficial. Bassette v. Thompson, 915 F.2d 932, 939, 941 (4th

Cir.1990), cert. denied, 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991); cf. Bannister v.

16

State, 333 S.C. 298, 509 S.E.2d 807, 809 (S.C.1998) ["This Court has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial."]; Glover v. State, 458 S.E.2d 539, 540 (S.C.1995) ["[B]ecause the other witnesses respondent claimed could have provided an alibi defense did not testify at the PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses."]; Clark v. State, 315 S.C. 385, 434 S.E.2d 266, 267–268 (S.C.1993) [pure conjecture as to what a witness' testimony would have been is not sufficient to show a reasonable probability the result at trial would have been different]; Underwood v. State, 309 S.C. 560, 425 S.E.2d 20, 22 (S.C.1992) [prejudice from trial counsel's failure to interview or call witnesses could not be shown where witnesses did not testify at PCR hearing]. [4]Accordingly, Petitioner has not shown any ineffective assistance of counsel with respect to these issues. Therefore, it is recommended that Ground Two (C), including subparts, be dismissed and Respondent's motions for summary judgment granted.

**Ground Two(D)**

In Ground Two (D), Petitioner states "ineffective assistance of counsel failure to renew

---

[4] Petitioner attempts to argue that PCR counsel was ineffective in not calling the witnesses to testify at the PCR hearing citing to Martinez v. Ryan, ⸺ U.S. ⸺, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). The Martinez case holds that federal courts may find cause to excuse a procedural default where a prisoner had inadequate assistance in his initial-review collateral proceedings and the defaulted claim at issue is one of ineffective assistance at trial. Id. at 1318. There is no procedural default with relation to these claims. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." 28 U.S.C.A. § 2254(i) (West Supp.2001).

objection." (Tr. 15). Petitioner argues that PCR counsel was ineffective for failing to "Aid Petitioner in bring out his meritorious issue 'Miranda' against Petitioner's trial counsel." (Petition). Petitioner asserts that he had "clearly argued" this Miranda matter in his PCR application . . . and even went over this issue with PCR counsel before his hearing. Petitioner contends that PCR counsel failed to question him about his meritorious claim that trial counsel was ineffective for failing to renew his motion to suppress the Petitioner's statement under Miranda. (Petition p. 17 ). Petitioner asserts that in doing so "PCR counsel clearly underminded [his] due process." (Petitioner p. 19 of 24). Thus, Petitioner asserts that he is entitled to a new PCR hearing to develop the Miranda issue against trial counsel.

Respondent argues this issue was not preserved as to trial counsel's representation and is procedurally defaulted because the PCR court did not specifically rule on that claim.[5] Even if it was preserved, Respondent argues that the claim has no merit.

The issue that trial counsel was ineffective in failing to renew his objection is procedurally defaulted because it was not ruled on by the PCR court and not raised in the petition for Writ of Certiorari. To the extent Petitioner claims that Martinez v. Ryan, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) allows him to overcome his procedural default as to whether trial counsel was ineffective in failing to raise the "Miranda" issue as to trial counsel, the claim fails. In Martinez, the Supreme Court established a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial

---

[5] The PCR court ruled that appellate counsel did not err in failing to raise the issue of admissibility of his statement on appeal. However, PCR court did not consider ineffectiveness of trial counsel with regard to this issue.

counsel. <u>Martinez</u>, 132 S.Ct. at 1319. The <u>Martinez</u> Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Id</u>. at 1315. In describing its holding in <u>Martinez</u>, the Supreme Court has recently stated that

> [w]e ... read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. ——, ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) *(citing Martinez*, 132 S.Ct. at 1318–19, 1320–21); *see also Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir.2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under <u>Strickland</u>, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

At the PCR hearing, the PCR court made the following findings in dismissing Petitioner's claim that appellate counsel was ineffective when he failed to raise the issue of the admissibility of the statement on appeal:

> As Applicant notes, a <u>Jackson v. Denno</u> hearing was held, and Counsel objected to admission of the statement when it was introduced. (Tr. 29-58; 225, lines 21-22; p. 229, lines 5-11). The statement was admitted and the jury was instructed that they must determine the voluntariness of the statement. (Tr. P. 229, lines 12-22; p. 400, line 16-p. 402, line 1). Applicant has failed to demonstrate

19

that had this issue been raised on appeal the outcome would have been any different.

Further, it may be noted that when an <u>Anders</u> review is undertaken, "the court has to conclude independently, regardless of counsel's conclusion, whether or not the appeal has merit before it can dismiss the appeal." <u>State v. McKennedy</u>, 348 S.C. 270, 279, 559 S.E.2d 850, 855 (2002). The court undertakes a thorough review of the record before reaching its decision and may direct briefing on any potentially meritorious issue found therein, after such a review of Applicant's case, the appellate court agreed with counsel's assessment and dismissed the appeal. Therefore, even if the issue had been raised, the outcome would have been no different. The trial court ruled that the statement would be admitted and the jury instructed that they must determine the voluntariness of the statement. Therefore, the issue was raised by trial counsel and ruled upon by the trial judge.

A review of the trial transcript reflects that a <u>Jackson v. Denno</u> hearing was held regarding

the statement. During the <u>Jackson v. Denno</u> hearing, trial counsel argued to the court as follows:

. . . Of course, the testimony here is contradictory. Mr. Jones said he asked for a lawyer, that was one of the first things he did when the police came into the room. Additionally, he said that he was threatened by them or he felt threatened that the members of his family or close personal friends would suffer if he did to (sic) comply with the wishes.

Additionally, your Honor, the testimony is that he was not read his Miranda or even shown that form until after he had signed a statement that was written for him by the officer. Investigator Savell testified here that their initial meeting with them was at 6:17. He had testified before that before at the preliminary hearing and also wrote it on his investigative summary and, yet, they've got a predated Miranda which is about 30 minutes before, we would use that to show that they are not credible, your Honor and that we would hope you suppress this statement based on his requesting a lawyer, his Sixth Amendment; violation of Miranda under the Fifth Amendment, and the fact that it was not voluntary and that he was threatened in order to make this statement, your Honor.

. . .

> Obviously you have to decide the State's burden of proof here is by a preponderance and you have [to] decide whether or not they've demonstrated that the statement was voluntarily given under the proper constitutional guarantees.

(Tr. 56-58).

The trial court ruled that the statement would come in based on the totality of the circumstances "finding by the preponderance of the evidence that the defendant was advised of his constitutional rights pursuant to Miranda."  (Tr. 58). The trial court ruled that the jury would be instructed that they "must find beyond a reasonable doubt that the statement was given and the statement was not–if they do not find beyond reasonable doubt that the statement was free and voluntary statement, then they must disregard the statement." (Id.).

Additionally, during the trial, the state moved that the statement be entered into evidence. Trial counsel objected based on his prior motion but the statement was admitted over objection of the defense counsel. (Tr. 230).

Accordingly, Petitioner has failed to establish that his underlying claim of ineffective assistance of trial counsel was a substantial claim or that there was prejudice. Thus, PCR counsel could not be ineffective for not raising this claim as raised by Petitioner in his petition because trial counsel did object to the statement at the Jackson v. Denno hearing and renewed his objection during the trial at the time the state moved to have the statement entered into evidence. As such, Petitioner has failed to prove that PCR counsel's representation fell below the standard of professional reasonableness in this regard. Thus, Petitioner has failed to meet the requirements of Martinez to show that his PCR counsel was ineffective. Therefore, Ground Two (D) should be dismissed as procedurally barred.

21

## **VI.  CONCLUSION**

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #22) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Further, IT IS ORDERED that Petitioner's motion to amend (doc. #26) is granted.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 20, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

22